## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JIMMY GRIMES,** | : | |
| **Petitioner** | : | **Civil Case No. 07-0829 (ESH)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION., et al.,** | : | |
| **Respondents** | : | |

### FEDERAL RESPONDENTS' MOTION TO DISMISS PETITIONER'S
### PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, respectfully file their motion to dismiss the petitioner's petition for a writ of habeas corpus.[1] In support of his petition for a writ of habeas corpus, the petitioner claims that he should be released because the parole violator warrant was invalid, because his probable cause hearing was delayed, and because he was not offered an expedited revocation proposal by the U.S. Parole Commission ("the Commission"). However, given that the petitioner has completed his sentence and was released on June 22, 2007, his petition for a writ of habeas corpus should be dismissed as moot, because he has now obtained the relief he sought in his habeas petition.

### PROCEDURAL HISTORY

_____The petitioner, Jimmy Grimes, was sentenced on September 20, 1991, in Superior Court of the District of Columbia Case No. F8637-91, to a prison term of four months to three years for the offense of prison breach, to run consecutive to any other sentence. See Exhibit A(Department

---

[1]The petitioner filed a complaint pursuant to 42 U.S.C. § 1983 seeking monetary damages and immediate release from custody and parole supervision. The Court dismissed the § 1983 claim without prejudice and construed the petitioner's claim as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

of Corrections Report) and Exhibit B (Judgment and Commitment Order for F8637-91).

On January 29, 1992, the D.C. Board of Parole ordered that the petitioner be paroled on or after April 17, 1992. See Exhibit C (Notice of Board Order). However, on April 5, 1992, after being transferred to a halfway house, the petitioner escaped, returning to custody on December 2, 1992. See Exhibit D (Memorandum from D.C. Department of Corrections). On August 25, 1993, the petitioner was sentenced in F5104-93 to a term of imprisonment of 100 to 300 days for the offense of prison breach, to run consecutive to any other sentence. See Exhibit E (Judgment and Commitment Order for F5104-93).

On December 6, 1993, the D.C. Board of Parole ordered the petitioner to be paroled on or after January 10, 1994, through a 90 day work release placement. See Exhibit F (Notice of Board Order). The Department of Corrections reported, on December 8, 1994, that the petitioner had escaped again on March 13, 1994, and was returned to custody on September 14, 1994. See Exhibit G (Memorandum dated 12/8/94). Subsequently, on December 20, 1994, the petitioner was sentenced in F11099-94 to a term of imprisonment of 8 to 24 months for the offense of escape, to run consecutive to any other sentence. See Exhibit H (Judgment and Commitment Order for F11099-94).

On September 23, 1996, the D.C. Board of Parole paroled the petitioner to a United States Marshal's Service detainer. See Exhibit I (Certificate of Parole). However, the petitioner failed to report as instructed and, on April 20, 1999, D.C. Board of Parole revoked the petitioner's parole. See Exhibit J (Notice of Board Order).

The petitioner was re-paroled on September 22, 2000, and was to remain under parole supervision until February 3, 2001, his full-term sentence date. See Exhibit K (Certificate of

Conditions of Mandatory Parole/Release). However, the petitioner failed to report to his parole officer as directed after his release and, when his supervision officers conducted a home visit, they discovered that the address given by the petitioner did not exist. <u>See</u> Exhibit L (Report of Alleged Violation(s)).

On January 31, 2001, the United States Parole Commission issued a parole violator warrant for the petitioner for failing to abide by the conditions of his parole by failing to report for supervision as directed. <u>See</u> Exhibit M (Warrant Application) and Exhibit N (Warrant). The U.S. Marshal's Office executed the parole violator warrant on February 16, 2007. <u>See</u> Exhibit N at p. 2.

On February 27, 2007, a Commission hearing examiner conducted a probable cause hearing, and found probable cause that the petitioner had violated his conditions of parole by failing to report for supervision as directed. <u>See</u> Exhibit O (Probable Cause Hearing Digest). On April 9, 2007, the Commission sent the petitioner an expedited revocation proposal pursuant to 28 C.F.R. §2.66. <u>See</u> Exhibit P (Expedited Revocation Proposal). On April 23, 2007, the petitioner accepted the expedited revocation proposal. <u>Id</u>. at 2. By the petitioner's acceptance of this offer, he accepted responsibility for his violations, waived his right to a revocation hearing, consented to the sanction proposed by the Commission, and waived his right to appeal the revocation decision. <u>Id.</u> By a Notice of Action, dated April 27, 2007, the Commission, in accordance with the terms of the expedited revocation agreement, informed the petitioner that his parole was revoked, that the time he spent on parole would be forfeited, and continued the petitioner to the expiration of his sentence with an estimated release date of July 1, 2007. <u>See</u> Exhibit Q (Notice of Action).

On June 22, 2007, the petitioner was released, having completed his sentence. <u>See</u> Exhibit R at p. 2 (Bureau of Prisons Sentence Monitoring Computation Data) and Exhibit S (Bureau of Prisons Inmate Locator).

## <u>ARGUMENT</u>

In his habeas petition, the petitioner argues that he should be released from custody because the Commission's parole violator warrant was invalid, because his probable cause hearing was delayed, and because he was not offered an expedited revocation proposal.[2] Given that petitioner was released without supervision on June 22, 2007, the petitioner's petition for a writ of habeas corpus should be dismissed as moot.[3]

---

[2]The petitioner's argument that he should be released because of alleged discrepancies in the date of the execution of the parole violator warrant and because the petitioner's probable cause hearing was not held within the 5 days as set forth in 28 C.F.R. § 2.214(a) is without merit. Delay, standing alone, does not entitle the petitioner to release from prison. Rather, the petitioner must demonstrate prejudice suffered as a result of the delay. <u>See</u>, <u>e.g.</u>, <u>Sutherland v. McCall</u>, 709 F.2d 730, 732-33 (D.C. Cir. 1983) (petitioner failed to show that thirty-three month delay prejudiced his defense); <u>Farmer v. U.S. Parole Comm'n</u>, 2005 WL 354007, *1 (D.D.C. Feb. 14, 2005) (petitioner must demonstrate that delay was unreasonable and prejudicial). In the instant case, the violator warrant reflects that the petitioner was notified of the warrant on February 7, 2007, although it was not executed until February 16, 2007. However, the petitioner has not shown any prejudice in this slight delay in the execution of the warrant. Likewise, while the petitioner's probable cause hearing was not held within the required 5 days, he has not shown any prejudice as a result of this minor delay.

Moreover, by accepting the Commission's expedited revocation proposal, which he accepted after filing the instant habeas petition, the petitioner waived his right to challenge the revocation procedures. Thus, the petitioner is now in the position of a litigant who challenges agency action after having consented to the agency taking that action, through a voluntary waiver of his right to a revocation hearing at which he could have contested the action. <u>Cf</u>. <u>Duckett v. Quick</u>, 282 F.3d 844, 848 (D.C. Cir.) (argument that due process was violated because parolee was denied right to cross-exam witnesses in parole revocation hearing failed because parolee waived right to cross-exam witnesses), <u>cert. denied</u>, 537 U.S. 863 (2002). Accordingly, the petitioner waived his current challenges to his parole revocation.

[3]Since the filing of the petitioner's petition, the petitioner was transferred to USP Lewisburg in Lewisburg, Pennsylvania, and subsequently released. At the time the petitioner filed his petition, however, he was an inmate at the D.C. Central Detention Facility, where his

Under Article III of the U.S. Constitution, a federal court only has the power to resolve "Cases" or "Controversies" between litigants.  Isenbarger v. Farmer, 463 F. Supp.2d 13, 19 (D.D.C. 2006).  As the Court recounted in Isenbarger:

> A case is considered moot either "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct.1944, 23 L.Ed.2d 491 (1969); see also Pharmachemie B.V. v. Barr Labs., 276 F.3d 627, 631 (D.C. Cir. 2002) (a case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future").  As the Supreme Court has put it "mootness deprives us of the power to act; there is nothing for us to remedy, even if we were disposed to do so." Spencer v Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

Id. at p. 22. Counsel have a duty to advise the Court "without delay" of facts that raise the possibility that a case has become moot. Arizonans for Official English v. Arizona, 520 U.S. 43, 68, n.23 (1997). The petitioner's release on June 22, 2007, constitutes a fact that causes the present controversy before the Court to be moot.

The petitioner's claim seeks his release based on alleged improprieties concerning the revocation of his parole. However, given the petitioner's recent release and completion of his sentence, any order directed to the respondents concerning petitioner will have no effect on his present status. A habeas petition challenging parole release or revocation procedures becomes

---

custodian was Warden William Smith. Warden Smith is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n., 374 F.3d 1235, 1239 (D.C. Cir.) (same), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's 'custodian.'").

-5-

moot when a petitioner is released from custody, including on parole, unless there are actual

adverse consequences caused by the Commission's finding, which the petitioner has not

demonstrated in this case. See Phifer v. Clark, 115 F.3d 496, 500 (7th Cir. 1997) (petitioner must

demonstrate non-speculative adverse consequences stemming from Commission action); cf.

Spencer v. Kemna, 523 U.S. 1, 14 (1998) (petitioner required to demonstrate actual adverse

collateral consequences to overcome mootness when petitioner had completed parole revocation

sentence). Because the petitioner's ultimate objective in bringing his habeas action was to obtain

release, the release of the petitioner on June 22, 2007 has provided the relief sought by the

petitioner and his petition is moot. See, e.g., Qassim v. Bush, 466 F.3d 1073, 1076 (D.C. Cir.

2006) (release of petitioners mooted habeas claim challenging detention at Guantanamo Bay

Naval facility); Abdussamadi v. Harris, 2003 WL 880993, *1 (D.C. Cir. 2003) (writ of

mandamus challenging Commission's parole eligibility date moot when petitioner was released

on parole); In Re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("request for habeas corpus relief

is moot as a result of [petitioner's] release from prison"); Hardesty v. Draper, 687 A.2d 1386,

1371 (D.C. 1997) (habeas action challenging confinement in mental institution held moot

because petitioner had been released from institution); Alonso-Martinez v. Meissner, 697 F.2d

1160, 1165-66 (D.C. Cir. 1983) (petitioner's release from INS detention to parole made his

habeas petition moot); Banks v, Ferrell, 411 A.2d 54, 56 (D.C. 1979) (prisoner's suit regarding

D.C. Board of Parole procedures held moot by his transfer to the Bureau of Prisons and the

subsequent parole grant from the U.S. Parole Commission); Morton v. U.S. Parole Comm'n.,

2006 WL 314559 at *2 (D.D.C. Feb. 9, 2006) (petitioner's challenge to extended presumptive

parole date moot because of petitioner's parole); Kimberlin V. U.S. Parole Comm'n., 2004 WL

885215 at *1 (D.D.C. April 22, 2004) (habeas petition challenging Commission's decision to revoke parole and delay reparole moot because petitioner had been reparoled).

Accordingly, because the petitioner has been released after completion of his sentence, the United States respectfully requests that his petition for a writ of habeas corpus be dismissed as moot.

A proposed Order is attached.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

___/s/ Robert D. Okun_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

___/s/ Sherri L. Berthrong_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Federal Respondents' Motion To Dismiss has been electronically filed with the Court and served by mail upon the petitioner, Jimmy Grimes, 6805 Georgia Avenue, N.W. 20012, this 11th day of July, 2007.

___/s/ Sherri L. Berthrong_____
Sherri L. Berthrong
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JIMMY GRIMES,** | **:** | |
| **Petitioner** | **:** | **Civil Case No. 07-0829 (ESH)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **U.S. PAROLE COMMISSION, et al.,** | **:** | |
| **Respondents** | **:** | |

<u>**ORDER**</u>

      Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, the Federal

Respondents' Motion to Dismiss Petitioner's Petition For a Writ of Habeas Corpus and for the

reasons stated in the Federal Respondents' Motion to Dismiss, it is hereby

      **ORDERED** that the Federal Respondents' Motion To Dismiss is **GRANTED**;

Petitioner's Petition For A Writ Of Habeas Corpus is **DISMISSED** as moot.

      **SO ORDERED** this _____day of _____, 2007.


                      _____

                      Ellen Segal Huvelle
                      U.S. District Court Judge

Copies:

Jimmy Grimes
6805 Georgia Avenue, N.W.
Washington D.C. 20012

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

**EXHIBIT A**



DEPARTMENT OF CORRECTIONS
CENTRAL FACILITY
LORTON, VIRGINIA


NAME:  Grimes, Jimmy      DCDC:  243995      DATE: 11/18/91

<u>Introduction:</u>

This report is submitted for the purpose of having Mr. Jimmy
Grimes DCDC 243995 considered for parole.  He is currently in
service of 4 months to 3 years for the offense of Prison Breach.
He has a parole eligibility date of 10/25/91, a short-term date
of 12/30/93, and a full-term date of 9/8/94.  There are no
separation orders, pending charges, or detainers.  However, the
record does reflects an escape from Correctional Community Center
#1 on 3/26/90 - 4/22/91, 393 days of inoperative time.  Mr.
Grimes was not assessed any monies under the D.C.  Law 4-100, the
Victims of Violent Crimes Compensation Act of 1981.


<u>Institutional Behavior and Adjustment:</u>

On 9/27/91, Mr. Grimes arrived at the Central Facility, whereupon
he was initially orientated to the rules/regulations governing
the facility.

**EXHIBIT**
A



At that time, a program plan was established to help assist him in his rehabilitation and to become a good candidate for parole. His plan consist of UDC (optional), Vocational Training (Printing), and the Drug/Alcohol Abuse Treatment Program, participate in a productive work squad, caseworker counseling and maintain a clear conduct and drug free record.

Since his arrival, Mr. Grimes has complied with his established program. He is currently assigned to squad 21 (dorm detail). His supervisor, Sergeant Buadu, states favorable comments of his attentiveness to assigned task, and his positive work ethics and demeanor when interacting with staff and peers.

Behaviorally, Mr. Grimes has not incurred any disciplinary infractions nor submitted positive urine samples for illicit drug usage. He is not considered a management problem.

Evaluation:

Mr. Grimes is a 32 year old offender who is in service of a 4 months to 3 years sentence for the offense of Prison Breach (F-8637-91A). He arrived at the Central Facility on 9/27/91, as a confused, and unfocused individual. Through his positive compliance of his treatment program, Mr. Grimes began focus, and recognize the negative elements that led him to his law defying behavior. His participation in structured counseling sessions will assist him in being community orientated. Once he re-enters the community he will be aware of maintaining a drug-free and crime-free life style.

Release Plan:

Upon release, Mr. Grimes plans to reside with his friend Mr. ██████████████████████████ N.E. Washington, D.C. 20019. The telephone number is ███

Recommendation:

It is recommended Mr. Grimes be granted paroled through work release  with strict narcotics surveillance .

AB/sp

**EXHIBIT B**

#88 MOD

243995
MOD

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. *F 8637-91 A*

vs.

PDID No. *427-457*

*Jimmy L. Grimes*

## JUDGMENT AND COMMITMENT/~~PROBATION~~ ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
*'A' Prison Breach*
_____

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

*Four (4) months to Three (3) years to run*
*Consecutive to any other sentence serving*
*PSI* ~~Detailed~~ *Attached*

☐ MANDATORY MINIMUM term of _____ X 10/25/91 _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____ X 12/91 55 dos EPA _____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

**EXHIBIT**
**B**

Costs in the aggregate amount of $ *Waived* have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

*September 20, 1991*
Date

*Robert [signature]*
Judge

Certification by Clerk pursuant to Criminal Rule 32(e)

*September 20, 1991*
Date

*Sandra Jeter*
Deputy Clerk

Form CDU18U060 Aug. 87

**EXHIBIT C**

# The Board of Parole
## of the
## District of Columbia
### NOTICE OF BOARD ORDER




Order # 1 of 1

In reference to:

DCDC  243-995                NAME  JIMMY L GRIMES

DOB          SSN ▓▓▓▓▓▓▓        LOCATION  COMPLEX

DOCKET  H9201-0053        CONSIDERATION TYPE  H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER**:

GRANT PAROLE THROUGH WORK RELEASE TO SUPERVISION ON OR AFTER 04/17/1992

Implementation of this Order shall include the following:
Special Conditions of Parole

NARCOTICS SURVEILLANCE

Remarks:

01/21/1992
_____
Date

*Eриа Аltуman-b*
_____
Chairman
on behalf of the Board of Parole

Seal

[ Parole Determination File ]

NOA Date *1-29-92*  by *B White*

**EXHIBIT**
**C**

# **EXHIBIT D**



Government of the District of Columbia
DEPARTMENT OF CORRECTIONS
Medium Security Facility
Box 99
Lorton, Virginia 22199

Office of the Administrator

January 11, 1993

## MEMORANDUM

TO      :   Erias A. Hyman, Chairman
            D.C. Board of Parole

FROM    :   Paul E. Krul
            Administrator

SUBJECT :   Rescission Hearing

RE      :   Grimes, Jimmy
            DCDC 243995

This report is being submitted to petition a Rescission Hearing on behalf of Mr. Grimes.

Action was last taken by the D.C. Board of Parole on January 21, 1992, to grant him parole through work release to supervision on or after April 17, 1992, with special conditions to include narcotics surveillance. Consequently, he was transferred to Shaw #3. However, prior to his official release, he absconded from Shaw #3 and was placed on escape from April 5 to December 2, 1992, for a total of 242 days. Therefore, he is in need of a Rescission Hearing.

Mr. Grimes arrived at this facility on December 20, 1992. He has been assigned to obtain a work detail and participate in Narcotics Anonymous. His adjustment has been satisfactory.

Attachment
 (1) Face Sheet 2

**EXHIBIT**

D

DDPS-203

**EXHIBIT E**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

~~Jimmy Grimes~~

RETURN TO JAIL
DATE 8/25/93

Case No. _F 5104-93_
PDID No. _427-457_

#98

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

_Ct. A.  Prison Breach_ _____

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

_Ct. A  one (100) one Hundred Days – Nine  
Thru - Hundred (300) Days to Run Consecutive  
to Any other Sentence._

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

EXHIBIT E

Costs in the aggregate amount of $_20.00_ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_8-25-93_
Date

Certification by Clerk pursuant to Criminal Rule 32(d).

_8. 25. 93_
Date

**EXHIBIT F**



# The Board of Parole
## of the
# District of Columbia



## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:



**DCDC** 243-995                **NAME** JIMMY L GRIMES

**DOB** ████████              **SSN** ████████        **LOCATION** MEDIUM

**DOCKET** H9311-0007      **CONSIDERATION TYPE** H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

GRANT PAROLE THROUGH WORK RELEASE TO SUPERVISION ON
OR AFTER 01/10/1994

Implementation of this Order shall include the following:
Special Conditions of Parole

NARCOTICS SURVEILLANCE

Remarks:

_C/u, 12/1/93_

11/16/1993
---------
Date

Seal

NOA Date _12/6/93_ by _B White_

_Epias Abyman_
· Chairman
on behalf of the Board of Parole

[ Parole Determination File ]

**EXHIBIT**
F

**EXHIBIT G**



1-3-95

Government of the District of Columbia
DEPARTMENT OF CORRECTIONS
Medium Security Facility
Box 99
Lorton, Virginia 22199

94 DEC 16 PM 2:03

FILE ROOM

Office of the Administrator

December 8, 1994

*Recom. Amend Action*

MEMORANDUM

TO      :   Margaret A. Quick, A\Chairman
            D.C. Board of Parole

FROM    :   Paul E. Krull
            Warden

SUBJECT:    Updated Information

RE      :   Grimes, Jimmy
            DCDC 243995

Inmate Grimes is currently serving a sentence of seven (7) months
ten (10) days to three (3) years ten (10) months plus 242 days
inoperative less eleven (11) days Jail Time Credit for the
offenses of Prison Breach (2 counts).  He has a short term date
of October 8, 1995, and a full term date of August 25, 1996.

He has a Notice of Board Action dated November 16, 1993 stating:
Grant parole through work release to supervision on or after
January 10, 1995 with special conditions of Narcotics
Surveillance.  It should be noted that inmate Grimes has a
pending case (F1109994) USM detainer filed on October 10, 1994.
He was transferred to Hope Village on February 1, 1994 and,
placed on escape status on March 13, 1994, through September 14,
1994, a total of 172 days.

He arrived at Medium Security Facility on October 7, 1994.  He
was classified and recommended to take TABE test and the (30 day)
Substance Abuse Program.  He has a work detail in the culinary
unit.  He has not incurred any disciplinary reports or positive
urinalysis since his arrived.

Inmate Grimes is in need of a hearing to determine his parole
status.

EXHIBIT
G

DPS-203

# **EXHIBIT H**

343-995

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

*MED 78*

vs.   *Jimmy L. Grimes*

Case No. _F11099-94_
PDID No. _427457_

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____

*Count A   Escape (from Institution)*

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense[s] charged and is hereby SENTENCED to *NLT eight (8) months, NMT Twenty-Four (24) months Consecutive.*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

**EXHIBIT H**

☐ _____

Costs in the aggregate amount of $ *waived* have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*12-20-94*
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*12-20-94*
Date

*"PSI WAIVER"*

_____
Deputy Clerk

# **EXHIBIT I**

PB-16
(Revised 10/81)

## BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT

APD# 17905-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

_____GIMES, Jimmy_____ D.C.D.C. 243-995 _____ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on _____September 23_____, 19 96 , and that said person remain under

supervision within the limits of the US Marshal Services Detainer~~including the District of~~

~~Columbia, Prince Georges and Montgomery Counties of Maryland, Arlington and Fairfax~~

~~Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia~~

until _____August 23_____, 19 98 ; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

    This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

    Given under the hands and seal of the BOARD this _____30th_____ day

of _____August_____, 19 96 .

The above-named was released on

the ............ day of ....................., 19........

_____
Administrator

If subject is released prior to 08-23-1998
he/she is to report to Parole Supervision
301 "C" St., N.W., Suite 2132
Washington, DC 20001
(202)727-1646

**EXHIBIT**
I

**EXHIBIT J**




# *The Board of Parole*
## *of the*
## *District of Columbia*

### NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 243-995                    NAME  JIMMY L GRIMES

DOB  ██████████               SSN  ██████████         LOCATION  OCCOQUAN FACILT

DOCKET  H9904-0110           CONSIDERATION TYPE  H:REVOCATION

The District of Columbia Board of Parole issues the following  **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); CONSIDER
FOR REPAROLE BY 12/16/1999

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

FAILED TO REPORT AS DIRECTED
ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO CARRY OUT PO INSTRUCTIONS



04/08/1999
——————————
Date

NOA Date  4/20/99  by  _____

Chairman
on behalf of the Board of Parole

[ Parole Determination File ]
BANKS, K

Seal

**EXHIBIT**
J

# **EXHIBIT K**



GOVERNMENT OF THE DISTRICT OF COLUMBIA
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE, N.W., SUITE 2100
WASHINGTON, DC 20001
(202) 727-0074

*N & - 3 57*

SEP 2 2 2000

## CERTIFICATE OF CONDITIONS OF MANDATORY PAROLE/RELEASE

TO: GRIMES, JIMMY LEE                          DCDC# 243-995

The District of Columbia Board of Parole is being advised of your release from custody by the District of Columbia Department of Corrections pursuant to credits against the maximum term(s) imposed in accordance with the provisions of __24-428(B)__.

YOU ARE HEREBY ADVISED THAT UPON YOUR RELEASE:

- You shall report to the Parole Supervision Services Division of the Board of Parole, and present this Certificate to identify yourself as a:

    __XX__    Mandatory Parolee until the expiration of your maximum sentence.

    __    Mandatory Releasee until the expiration of your maximum sentence, less 180 days.

- You shall be accountable to the conditions set forth on the reverse side of this Certificate, and any others subsequently imposed by the Board of Parole or Parole Supervision Services until __FEBRUARY 3,2001__, or until other action is taken by the Board of Parole.

- You shall remain within the limits of the Metropolitan area of the District of Columbia (including the City of Washington; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church in Virginia) during the period of your supervision by the Board of Parole.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The above-named was released mandatorily on (date) SEPTEMBER 22, 2000 from

__CENTRAL DETENTION FACILITY__                  *Rollins W. Hunter*
                                                PATRICIA BRITTON
Institution                                     Warden

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Board of Parole received a signed copy of this Certificate on _____.

*file*

Effective Date: 03/14/95                 Planning & Info. Services, D.C. Board of Parole

EXHIBIT
K

## STATEMENT OF THE CONDITIONS OF PAROLE

The following conditions are effective upon your release from custody:

1. I will report to the Board of Parole, Supervision Services Division at 300 Indiana Avenue, N.W., 2nd floor, for further instructions within 72 hours of release.

2. I will not go outside the parole limits fixed in this Certificate without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia are illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearm.

6. I will make diligent efforts to find and maintain legitimate employment, and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws, and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed. I understand that failure to do so may, in the discretion of the Board of Parole, be sufficient to cause my return to the institution.

I have read, or had read to me, the conditions of my release, and understand that the Board may impose additional special conditions it deems appropriate at any time. I also understand that my failure to comply with any condition imposed on my release may be considered a violation for which I am subject to be returned to custody as a parole violator.

X _RF Thomas_____          X _____
Signature of Witness                              Mandatory Parolee/Releasee

X _____          X _9-21-00_____
Title of Witness                                      Date

# **EXHIBIT L**



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*General Supervision Branch*

REPORT OF ALLEGED VIOLATION(S)

JAN 3 0 2001

January 26, 2001

**TO:**      United States Parole Commission
             5550 Friendship Blvd.,
             Chevy Chase, Maryland 20815

**FROM:**    Jolyn R. Hopson          **Unit:**          Team #30
             CSO                      **Telephone:**     (202) 585-7789

**Client:**  Grimes, Jimmy            **FBI #:**   596473KA6
**DCDC #:**  243-995                  **PDID #:**  427-457

Action Recommended:          Issue an Immediate Arrest Warrant

**Sentencing Information:**

Mr. Grimes was sentenced on 12/20/94 to eight (8) – twenty-four (24) Months for Escaping from an Institution, case # F-11099-94. Records reflect on 09/22/00, Mr. Grimes was mandatory released from the Central Detention Facility to parole supervision. According to his mandatory released parole certificate, Mr. Grimes' has a scheduled full term date of 02/03/01 and it appeared he had no special conditions imposed on him at the time of his release.

**Violation:**

Mr. Grimes is in violation of the following parole condition:

Allegation #1 – Failed To Report As Directed                                         1004
Mr. Grimes failed to report to this office upon his release from the Central Detention Facility, in violation of parole condition #10 (1004), as evidenced by no documentation that reflects Mr. Grimes reported to this office.

**Case Summary:**

On 01/19/01, this office received notification from the Transitional Intervention for Parolees Supervision (TIPS) unit that Mr. Grimes had not reported for supervision since his mandatory release date and a possible violation report may have to be submitted to advise the USP of his non-compliance. Mr. Grimes' case file was forwarded to Team #30, based upon an address of "1314 Hamilton St., NW, Washington, D.C." that he intended to use. Records reflect that the above mentioned address was never verified by the responsible party.
Name:      Grimes, Jimmy       Date:   January 26, 2001

*1230 Taylor Street, NW, Washington, DC 20011*
*Voice: (202) 585-7789   Fax: (202) 585-7790*

**EXHIBIT**
L

Court Services and Offender Supervision Age...

Name:   Grimes, Jimmy        Date:   January 26, 2001
DCDC# : 243-995
Subject:   Report of Alleged Violations Continued

With strong opposition on 01/22/01, Mr. Grimes case file was assigned to this CSO for supervision. Immediate action was taken by this CSO to locate Mr. Grimes for four (4) important reasons: 1.) Mr. Grimes had not reported to parole supervision since 09/22/00, 2.) Mr. Grimes Full term date is scheduled for 02/03/01, 3.) Mr. Grimes' address had not been verified, and 4.) Mr. Grimes' current whereabouts are unknown.

On 01/23/01, a certified letter was sent out to the above-mentioned address that Mr. Grimes reported as his intended place of residence. In addition, a home visit was conducted on this same date with CSO Jackie Knightshade, which revealed the address that Mr. Grimes provided did not exist. This CSO and CSO Knightshade also conducted a home visit to 1314 Hamilton Street, NE, Washington, D.C. to see if the quadrant had been transcribed incorrectly. This address did not exist either.

This RAV is being forwarded to the USPC in an expedited manner to see if an immediate warrant can be issued for Mr. Grimes' arrest, based on the facts presented in paragraph four (4) of this report.

On 01/26/01, a WALES/NCIC check was conducted on Mr. Grimes. This check revealed no pending warrants or charges.

**Recommendation:**

Based on the information provided in this report, it is strongly recommended to the USPC that an immediate warrant be issued for Mr. Grimes' arrest. This recommendation is based on Mr. Grimes' failure to report to this office upon his release from the institution, and providing a false address as an intended place of residence. Mr. Grimes' is currently in violation of his parole conditions and his full term date is scheduled for a week from now (02/03/01).

Respectfully Submitted,

Signature: _____          __1/26/01__
               Jolyn R. Hopson                          Date

Approved By:

Signature: _____          __1/26/01__
               Edmond L. Pears                          Date

**EXHIBIT M**

DEPARTMENT OF JUSTICE                    WARRANT APPLICATION
UNITED STATES PAROLE COMMISSION

Warrant Recommended By

Marc E. Bransky, Case Analyst
U.S. Parole Commission

D.C. Court Services & Offender Supervision Agency
CSOSA                    Interviewing Officer

Jimmy GRIMES DCDC NO. 243-995
Warrant Application
Page 1 of 1



# EXHIBIT N

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, GRIMES, Jimmy, Reg. No. n/a, DCDC No. 243-995, PDID No. 427-457 was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 24 months for the crime of Escape   and was on September 22, 2000 released on mandatory release with good time credits from the DC Department of Corrections with 135 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205 and 24-1231 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on January 31, 2001.

_____
U.S. Parole Commissioner

**EXHIBIT**
N

**WARRANT For Return Of Prisoner Released To Supervision**

Name: GRIMES, Jimmy                          Reg. No.

DCDC No. 243-995          PDID No. 427-457          Institution: **the DC Department of Corrections**

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE: Do not execute this warrant if subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _____ *Cov* _____ ss:

Received this writ the _7TH_ day of _Feb_ 20_01_, and executed same by arresting the

within-named _JIMMY GRIMES_

this _16TH_ day of _FEB_, 20_07_, at

_2 PM_ and committing him to _DC JAIL_

_George Walsh_
U.S. Marshal

By _William MARTIN_
Deputy Marshal

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

By _____
Deputy Marshal

Note: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _JANuary 34, 2001_

_Jimmy Grimes_                          _February 7 2001_
Prisoner's Signature                          Date

(If prisoner refuses to sign, Marshal should so indicate.)

**EXHIBIT O**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Grimes, Jimmy**         Date Warrant Executed.: **2-16-2007**

Reg. No. ........................: **N/A**                    Hearing Date.................: 3-27.07

Type of Release ............:**Mandatory Release**           Examiner.............: Nk Mi PM

Full Term Date When Warrant Issued..: **2-3-2001**           Supervision Officer:

---

## Attorney at Probable Cause Hearing:

[ √ ] PDS      [ ] Other      [ ] None

Name___ASINER, M._____

Address_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[ √ ] PDS      [ ] Other      [ ] Unknown

Name___ASINER_____

Address_____

_____

Phone_____

---

## I. Items Advised *(Check that the subject has been advised of the following two rights):*

[ √ ] Advised of Right to a Probable Cause Hearing   [ √ ] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[ ] Postponed to Next Docket *(If so, provide reason for postponement and omit rest of form.)*

[ ] At Request of Attorney/Prisoner        [ ] Prisoner Unavailable

[ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *(If so, skip to VI, Revocation Hearing.)*

---

**EXHIBIT**

O

---

## III. Review of Charges

**Charge No. 1 - Failure to Report for Supervision**

[ ] ADMITS          [X] DENIES

Parolee Response: _____

_____

_____

_____

_____

[X] **Probable Cause Found.** After considering the violation report dated 1-26-01, and the parolee's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1.   Additional reasons for probable cause finding: _____

_____

[ ] **NO PROBABLE CAUSE FOUND**

## IV. Additional Charges:

_____

_____

_____

_____

_____

## V. Outcome of Probable Cause Hearing:

[X] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

[ ] **Reinstate** to Supervision  or  [ ] **Close Case** *[If expiration date has passed]*

[ ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[ ] **Summon** to revocation hearing or  [ ] **Terminate** revocation proceedings

Reason for Release/Summons: _____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Jimmy Grimes                    Reg. No. N/A Page 2 of 5

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: A CSOSA Representation        John Hopson CSU

Status: [X] Approved    [ ] Not Approved    [ ] Pending Further Review

_____

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

_____

**IX.    Revocation Hearing:**

[X] Local Revocation **or**       [ ] Combined Probable Cause/Local Revocation on:

**Location:** [ ] CTF  [ ] DC Jail   **Date:** 4-23-07 _____   **Time:** [ ] am   [ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail.**
**E-Mail Address:  continue.hearing@usdoj.gov**

_____    2/27/07
_____          _____
        *Attorney/Prisoner*                         *Date*

_____

*Additional Text:*

_____    2/27/2007
_____          _____
        *Examiner*                                *Date*

**Disclosure Documents:**  Warrant dated 1-31-01, Warrant Application dated 1-31-01, Supplemental Warrant Application dated N/A (only if applicable), Violation Report dated 1-26-01 with attachments, Mandatory Release Certificate dated 9-22-00, Pre-Sentence Report (N/A)

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____    2/27/0,
_____          _____
        *Attorney/Prisoner*                         *Date*

_____

Jimmy Grimes                        Reg. No. N/A Page 5 of 5

**EXHIBIT P**




**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile :(301) 492-5525*

Date: April 9, 2007

Ms. Mona Asiner
Staff Attorney
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C.  20004

**Re:    GRIMES, JIMMY**
        **Reg. No:  00243+995**
        **DCDC No:  243-995**

Dear Ms. Asiner,

I have enclosed an expedited revocation proposal for the above-named releasee. This expedited revocation procedure allows the releasee to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a decision on the record. If the releasee accepts, the Commission will promptly issue a Notice of Action and arrange for the releasee to be transferred to a designated facility for service of the violation term. If the releasee declines, the Commission will arrange an in-person hearing under regular procedures.

Please review the attached proposal with the releasee and then fax the signed <u>Response to Expedited Revocation Proposal</u> to my attention at  (240) 437-0256.

**Note:** The signed <u>Response to Expedited Revocation Proposal</u> must be received by the Commission either **(1) Within 14 days of the date of this letter or; (2) If a hearing is already scheduled within 14 days of the date of this letter, no later than the day of the hearing.** If the <u>Response to Expedited Revocation Proposal</u> is not received within **the time frames outlined above**, the releasee will have an in-person hearing, and the proposed decision will not be binding on the Commission.

If you have any further questions, please call me at (301) 492-5821, ext. 171

                                Sincerely,

                                *Lori Gobble*

                                Lori Gobble,
                                Case Operations Assistant

Enclosure

**EXHIBIT**

P

Expedited Revocation Proposal GRIMES JIMMY 00243+995



## Response To Expedited Revocation Proposal

| | | |
|---|---|---|
| **Name: GRIMES, JIMMY** | **Reg No: 00243+995** | **DCDC No: 243-995** |

### PROPOSED DECISION

**Revoke Parole; None of the time spent on Parole Continue to Expiration. This will require you to serve 4 months to your estimated release date of 07/01/2007. Your actual release date will be calculated by the Bureau of Prisons.**

**In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.**

☑ I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

☐ I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

☐ I wish to request a 14-day extension to consider this proposal.

_____          4/23/07
Signature                                Date

_____          4/23/07
Witness                                  Date

Expedited Revocation Proposal GRIMES JIMMY 00243+995

**EXHIBIT Q**

U.S. Department of Justice

**Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | | |
|---|---|---|
| Name: GRIMES, Jimmy | Institution: | D.C. CTF |
| Register Number: 00243+995 | | |
| DCDC No: 243-995 | Date: | April 27, 2007 |

### DC EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited
Revocation Proposal you signed on April 23, 2007:

Revoke Parole. None of the time spent on Parole Continue to Expiration. This will require you to serve 4
months to your estimated release date of 07/01/2007. Your actual release date will be calculated by the
Bureau of Prisons.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you
participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the
treatment of narcotic addiction or drug dependency. That program may include testing and examination to
determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all
other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

   Charge No. 1 - Failure to Report for Supervision

Basis for above-stated finding(s): Your acceptance of responsibility for the violation(s) and your
agreement to accept revocation.

### REASONS:

Your violation behavior has been rated Category One severity because it involved administrative
violations. Your salient factor score is 2 (see attached sheet). You have been in DC confinement as a
result of your behavior for a total of 2 month(s) as of 04/17/2007. Your Reparole Guidelines established
by Commission, indicate a range of 12 - 16 months to be served.

After review of all relevant factors and information, a decision below the guidelines is warranted because
the time remaining on the term is below the guidelines.


THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies
may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

---

**EXHIBIT**
**Q**

cc:    Sharon Barnes-Durbin, SCSA
CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C. 20001

D.C. Federal Billing Unit
D.C. Department of Corrections
Washington, D.C. 20003

Mona Asiner
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

U.S. Marshals Service
District of Columbia - District Court
333 Constitution Ave, N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: David Baldwin



Grimes 00243+995
-2-
Queued: 04-27-2007 13:57:25 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

Clerk  SRM



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
|  | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Grimes 00243+995

Clerk   SRM

Queued: 04-27-2007 13:57:25 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

**EXHIBIT R**

```
5H     PAR4B  540*23 *           SENTENCE MONITORING        *      07-05-2007
  PAGE 001           *           COMPUTATION DATA           *     16:15:50
                                 AS OF 06-22-2007

  REGNO..: 25257-037 NAME: GRIMES, JIMMY LEE


  FBI NO...........: 596473KA6          DATE OF BIRTH: ████████████
  ARS1.............: MCK/EXP FT
  UNIT.............:                     QUARTERS.....:
  DETAINERS........: NO                  NOTIFICATIONS: NO

  PRE-RELEASE PREPARATION DATE: 06-12-2007

  THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
  THE INMATE WAS SCHEDULED FOR RELEASE:  06-22-2007 VIA EXP FT

  -----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------
  COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
  DOCKET NUMBER...................: F11099-94
  JUDGE...........................: UNKNOWN
  DATE SENTENCED/PROBATION IMPOSED: 12-20-1994
  DATE WARRANT ISSUED.............: 01-13-2001
  DATE WARRANT EXECUTED...........: 02-16-2007
  DATE COMMITTED..................: 02-16-2007
  HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
  PROBATION IMPOSED...............: NO
  SPECIAL PAROLE TERM.............:


  RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

  -----------------------PRIOR OBLIGATION NO: 010 ----------------------------
  OFFENSE CODE....:  612
  OFF/CHG: 22-2601, ESCAPE

   SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:  24 MONTHS
   NEW SENTENCE IMPOSED...........:  133 DAYS
   BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
   DATE OF OFFENSE................: 09-02-1994







  G0002      MORE PAGES TO FOLLOW . . .
```

EXHIBIT
R

```
5H     PAR4B   540*23 *            SENTENCE MONITORING           *      07-05-2007
PAGE 002           *            COMPUTATION DATA           *    16:15:50
                                  AS OF 06-22-2007
```

REGNO..: 25257-037 NAME: GRIMES, JIMMY LEE


-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 05-02-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-02-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

```
DATE COMPUTATION BEGAN..........: 02-16-2007
TOTAL TERM IN EFFECT............:   133 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     4 MONTHS      13 DAYS
EARLIEST DATE OF OFFENSE........: 09-02-1994

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                    02-12-2007    02-15-2007

TOTAL JAIL CREDIT TIME..........: 4
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 06-24-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 06-24-2007

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 06-22-2007
ACTUAL SATISFACTION METHOD......: EXP FT
ACTUAL SATISFACTION FACILITY....: MCK
ACTUAL SATISFACTION KEYED BY....: JAS

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 2
```

REMARKS.......: RELEASE AUDIT COMPLETED BY DSCC.


G0002      MORE PAGES TO FOLLOW . . .

**EXHIBIT S**





Return to Website

Printer Friendly Page

Click to print

# Inmate Locator

**Locate a Federal Inmate**
(includes all inmates from 1982 to present)

| Name | Register Number | Age | Race | Sex | Release Date Actual / Projected | Location |
|------|-----------------|-----|------|-----|--------------------------------|----------|
| 1. JIMMY LEE GRIMES | 25257-037 | 48 | Black | M | 06-22-2007 | RELEASED |

**ID Search Criteria:** DCDC Number 243995

New Search     FAQs     Privacy

**Results 1 - 1 of 1**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Home | About | Inmate Locator | Prison Facilities | Careers
Inmate Matters | Policy / Forms | Doing Business | News / Information

**Accessibility | Browser Requirements | Disclaimer | Privacy Policy | Search | Site Map**

Exhibit
5